**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        )
MORTON SCHNEIDER,                       )
                                        )
                Plaintiff,              )
                                        )
v.                                      )   Civil Action No. 09-3866 (GEB)
                                        )
TOWNSHIP OF TOMS RIVER (f/k/a Township  )   **MEMORANDUM OPINION**
of Dover); TOWNSHIP OF TOMS RIVER       )
POLICE DEPARTMENT(f/k/a Township of     )
Dover Police Department); INVESTIGATOR  )
SANDRA RODRIGUEZ, DOVER TOWNSHIP        )
POLICE OFFICER GREG ERRION, DOVER       )
TOWNSHIP POLICE OFFICER LOUIS           )
SANTORA, DOVER TOWNSHIP POLICE          )
OFFICER PAUL BURKHARDT, BRICKTOWN       )
POLICE OFFICER HENRY DREW (formerly     )
an investigator with the Ocean County Narcotics )
Strike Force), OCEAN COUNTY and JOHN    )
DOES 1-20,                              )
                                        )
                                        )
                Defendants.             )
_____     )

**BROWN, Chief Judge**

This matter comes before the Court upon the motion for summary judgment filed by the defendants County of Ocean and Sandra Rodriguez ("Defendants") (Doc. No. 6), as well as the motion for continuance filed by the Plaintiff Morton Schneider ("plaintiff" or "Schneider") (Doc. No. 13). Both motions are opposed. Oral arguments were held on March 2, 2010. For the reasons that follow, Defendants' motion for summary judgment will be granted, and plaintiff's

1

motion for continuance will be denied.

I.      BACKGROUND

This case arises from the alleged unconstitutional conduct of the Dover police department.  Plaintiff alleges that his home was raided and robbed as a result of an improperly and wrongfully issued warrant that resulted in plaintiff's arrest and indictment for marijuana possession. (Am. Compl. at ¶¶ 7-9; Doc. No. 2.)  Plaintiff also claims that portions of his land, including a well, were confiscated from his property by the Township. (*Id.* at ¶¶ 14-18.) Plaintiff alleges that there was

> a custom, policy, pattern and practice in Ocean County . . . of condoning, encouraging, ratifying, and acquiescing in the practice of failing to conduct reasonable criminal investigations, conducting unconstitutional searches, fabricating evidence to support probable cause, committing perjury, coercing confessions and consent to searches, failing to disclose exculpatory evidence and covering up this unconstitutional misconduct.

(*Id.* at ¶ 78.)  The marijuana possession charges against Plaintiff were dismissed on May 6, 2008. (*Id.* at ¶ 20.)

Subsequent to the state criminal action, plaintiff filed a civil action on April 19, 2004, in the Superior Court of New Jersey, Law Division, Ocean County, against the Dover Township Police Department alleging libel, slander, defamation and negligence as well as violations of 42 U.S.C. § 1983.  (Def.'s 56.1 Stmt. ¶ 8; Doc. No. 6.)  On May 19, 2004, Ocean County filed a motion to dismiss the complaint in lieu of an answer, and on July 11, 2004, that motion was granted and plaintiff's complaint was dismissed with prejudice. (*Id.* at ¶¶ 11-12.)

After the dismissal of the state action, plaintiff filed a complaint in federal court on August 4, 2009, and an amended complaint on August 17, 2009, alleging the defendants

committed: Malicious Prosecution in violation of the Fourth and Fourteenth Amendments (Count I); Fabrication of Evidence in violation of the Fourth and Fourteenth Amendments (Count II); Failure to Investigate in violation of the Fourth and Fourteenth Amendments (Count III); Suppression of Favorable Evidence in violation of the Fourth and Fourteenth Amendments (Count IV); Civil Rights Conspiracy under 42 U.S.C. § 1983 (Count V); Supervisory Liability (Count VI); A *Monell* Claim for Unconstitutional Custom or Policy and Failure to Supervise and Train (Count VII); and State Law Claims of Malicious Prosecution (Count VIII); and Intentional or Negligent Infliction of Emotional Distress (Count IX).

## II.   DISCUSSION

In lieu of an answer to the complaint, the defendants filed a motion for summary judgment (Doc. No. 6), arguing that: (1) plaintiff's complaint is barred by the doctrine of *res judicata*; (2) plaintiff's complaint is barred by the statute of limitations; (3) The Ocean County Prosecutor's Office and the narcotics strike force are not agents of the County; (4) plaintiff cannot establish a cause of action against the County of Ocean under 42 U.S.C. § 1983; (5) plaintiff cannot establish a deprivation of any constitutional or federal statutory rights; (6) plaintiff cannot establish the necessary elements of a civil conspiracy; (7) plaintiff cannot establish the elements necessary for malicious prosecution; and (8) that there are no genuine issues of material fact and the defendants are entitled to summary judgment.

In opposition to this motion for summary judgment, plaintiff filed a lengthy brief and a "Counter-Statement of Material Facts in Opposition." (Doc. No. 8.)  This counter statement of material facts does not comply with L. CIV. R. 56.1(a) because it consists only of hearsay

statements with no reference to the record. It is not accompanied by an affidavit or certification from plaintiff or anyone on his behalf, though a certification was filed several months late, on the day after oral argument was held.

In response to this shortcoming, plaintiff then filed a motion for continuance pursuant to FED. R. CIV. P. 56(f). (Doc. No. 13.) Plaintiff seeks to defer this Court's ruling on the currently pending motion for summary judgment, as plaintiff seeks to conduct factual discovery. (Pl.'s Mot. at ¶ 4; Doc. No. 13.) There has been no factual discovery yet in this action. (*Id.* at ¶ 5.) Defendants oppose the motion for continuance, noting that plaintiff was able to file a brief in opposition to the motion for summary judgment, and did not file the motion for continuance with the opposition to the summary judgment motion, but rather after the issue was first raised by defendants in their reply brief. (Defs.' Opp. to Pl.'s Mot. for Continuance at 4; Doc. No. 15.)

### A. Standards of Review

#### 1. Rule 56(f) Standard

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) deny the motion;
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
> (3) issue any other just order.

FED. R. CIV. P. 56(f). A district court's decision to grant a Rule 56(f) motion "depends, in part, on 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Horvath v. Keystone Health Plan E, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (quoting *Contractors Ass'n of E. Pa., Inc. v. City of*

4

*Phila.*, 945 F.2d 1260, 1266 (3d Cir. 1991)).  However, because "[a] district court has discretion in acting on Rule 56(f) motions," this list of factors is not exhaustive.  *Id.*  Instead, it "simply offer[s] a guide for the district court to follow in exercising its discretion under Rule 56(f)."  *Id.*

      **2.**      **Summary Judgment Standard**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prods. Co. Inc.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

    **B.**    **Analysis**

      **1.**      **Rule 56(f) Affidavit and Motion for Continuance**

Plaintiff seeks factual discovery regarding: (1) whether the Ocean County Prosecutor's Office or Narcotics Strike Force are the agents and/or employees of Ocean County; (2) whether any of the actions alleged in the complaint were taken in aid of a policy, statement, ordinance, regulation or decision officially adopted or promulgated by Ocean County; and (3) facts related

to the prosecution of the underlying criminal trial of plaintiff Morton Schneider. (Pl.'s Mot. for Continuance at ¶ 6; Doc. No. 13.)

Defendants argue that the motion for continuance should be denied because it was not made in a timely fashion. The plaintiff did make the argument that more discovery was needed in his opposition papers. (Pl.'s Opp. to Summ. J. at 44; Doc. No. 8.) However, an argument in a persuasive document is no substitute for the affidavit that is required by Rule 56(f). Defendants cite to *Walker v. Rose*, 22 F. Supp. 2d 343 (D.N.J. 1998) (GEB) for the proposition that when a certification is not submitted with plaintiffs' opposition papers, but only submitted after the issue was raised by defendants, it is untimely. *Id.* at 350 n. 2. In that case, the Court explained:

> In their reply brief, plaintiffs noted that defendants did not submit an affidavit pursuant to Fed. R. Civ. P. 56(f) explaining the need for additional discovery to oppose plaintiffs' cross-motion for summary judgment. Subsequent to the filing of plaintiffs' reply brief, defendants filed a Rule 56(f) certification attesting that additional discovery was required on these issues. This certification, in effect, constitutes a sur-reply, which is not provided for in this Court's Local Civil Rules, nor did defendants' request permission from the Court to file a sur-reply. Moreover, defendants' Rule 56(f) certification has not been timely submitted as it was not filed with defendants' opposition papers, but was only submitted after the issue was raised by plaintiffs. *See, e.g., Ayala-Gerena v. Bristol Myers-Squibb Co.*, 95 F.3d 86, 92 (1st Cir. 1996). Furthermore, even if considered timely, the certification submitted fails to comply with Rule 56(f)'s requirements. <u>The Third Circuit has interpreted Rule 56(f) "as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."</u> *See Dowling v. City of Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988). <u>Here, while defendants have listed the discovery they request, defendants have failed to indicate how if uncovered it would preclude summary judgment and why it was not previously obtained.</u>

*Id.* (emphasis added). There, as here, the motion for continuance was not filed until after the issue was addressed by the non-moving party and there, as here, the motion for continuance did

6

not specifically state why the specific information would preclude summary judgment and why it has not been previously obtained, which is required by now 20 year old Third Circuit case law. The Court concludes that the 56(f) motion is procedurally deficient, and will deny the plaintiff's request.

## 2. Summary Judgment Motion

Defendants' summary judgment motion argues that: (1) plaintiff's complaint is barred by the doctrine of *res judicata*; (2) plaintiff's complaint is barred by the statute of limitations, and (3) plaintiff fails to state the necessary elements of his various other causes of action. (Def.'s Br.; Doc. No. 6.)

### a. *Res Judicata*

*Res Judicata* refers to the common law doctrine barring re-litigation of claims or issues that have already been adjudicated. *Velasquez v. Franz*, 123 N.J. 498, 505 (1991). According to the doctrine of *res judicata*, a cause of action between two parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be re-litigated by those parties or their privies in a new proceeding. *Roberts v. Goldner*, 79 N.J. 82, 85 (1979). The three basic elements that lead to a claim being barred by *res judicata* are: (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must arise out of the same transaction or occurrence as the claim in the earlier one. *Murray v. Crystex Composites LLC*, 618 F.Supp. 2d 352, 357 (D.N.J. 2009); *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981).

Here, there was a prior civil action in state court on April 19, 2004. That state court case

was dismissed with prejudice upon motion by Ocean County and is considered an adjudication on the merits. *Velasquez*, 123 N.J. at 506-507. Second, the parties in this action are nearly identical to those on the state court action, both naming Ocean County and John Doe defendants.[1] Third, with the exception of a malicious prosecution counts, the current federal complaint seeks relief for the same underlying events - incidents that occurred at the Schneider home and farm on April 22, 2003 - as the state court complaint.

The Court concludes that Counts II-VII and Count IX are barred by the doctrine of *res judicata* as they arise out of the April 22, 2003 incident and were already adjudicated on the merits by a state court tribunal.

    b.  *Statute of Limitations*

In a similar vein to the *res judicata* problems that pervade the complaint, there are also statute of limitations issues. The applicable statute of limitations in civil rights actions filed under 42 U.S.C. §§ 1983 and 1985 is determined by the state's statute of limitations for personal injury actions, regardless of the topical nature of the civil rights claim that was pled. *Owens v. Okure*, 488 U.S. 235, 241 (1989). In New Jersey, there is a two-year statute of limitations for personal injury claims. N.J.S.A. § 2A:14-2. Claims arising under the New Jersey State Constitution are also controlled by a two-year statute of limitations. *Freeman v. State of New Jersey*, 347 N.J. Super. 11, 22 (App. Div. 2002).

Here, the limitations period for plaintiff's § 1983 action began to run when he was aware of the source of his injury. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386

---

[1] The Court recognizes that the current action has also added an additional defendant, Sandra Rodriguez. For the reasons stated *infra*, the portion of the complaint related to this defendant is not barred by *res judicata*.

8

(3d Cir. 1994).  Plaintiff claims that the alleged malicious prosecution, which did not accrue until later, somehow resurrects the other counts of his complaint.  However, this ignores the fact that Plaintiff knew of the source of his injury on April 22, 2003, (the date of the alleged "farm raid") and was even aware that his injuries may be legal wrongs upon the filing of a notice of tort claims in July, 2003.  The Court concludes that plaintiff's complaint, in Counts II-VII and Count IX, contains allegations that are time-barred.  The same claims for malicious prosecution that survived the *res judicata* analysis similarly survive the statute of limitations analysis.

### c.    *Remaining Claims*

The two remaining claims are for malicious prosecution, alleging via state law and § 1983 that plaintiff was forced to defend himself in a five-year long criminal matter that ended in the dismissal of the indictment.  (Compl. ¶ 86-87; Doc. No. 2.)  Defendants argue that there is no foundation on which to state a claim against the County of Ocean or the Prosecutor's Office because they are agents of the State of New Jersey, not of Ocean County.  Plaintiff's attorney conceded at oral arguments that, as a matter of law, the Ocean County Prosecutor is a constitutional officer that is an agent of the state.  Further, the State Supreme Court has held that the county cannot be held liable for the actions of the County Prosecutor and its detectives when their alleged tortious conduct arose out of investigation of criminal activity.  *Wright v. State of New Jersey*, 169 N.J. 422, 438-39 (2001); *see also Michaels v. State*, 968 F. Supp. 230, 236 (D.N.J. 1997), *aff'd* 150 F.3d 257 (3d Cir. 1998) ("[s]o long as the prosecutorial defendants in the case were 'investigat[ing] . . . criminal activity' . . . the County cannot be held vicariously liable.")  Plaintiff fails to distinguish *Wright* in any meaningful way.  At oral argument, he asserted that *Wright* only applies during so-called "ministerial" acts by prosecutorial defendants,

and does not apply to the factual situation here.  This is plainly incorrect.  *Wright* applies to the "investigation, arrest, and prosecution" of an individual.  *Id*. at 448.

In light of the case law that lies directly on point, and plaintiff's concession that as a matter of law the Prosecutor's Office is an agent of the state, summary judgment must be entered in favor of defendant on all counts against the County of Ocean and the Ocean County Prosecutor's Office.


### III.    CONCLUSION

For the foregoing reasons, the plaintiff's motion for continuance (Doc. No. 13) will be denied.  Defendants' motion for summary judgment (Doc. No. 6) is granted.  An appropriate form of order is filed herewith.


Dated: March 29, 2010


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.